# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 0658 | **DATE** | 4/8/2011 |
| **CASE TITLE** | Calhoun vs. City of Chicago et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion for protective order [28] is granted in part. Defendants should make the one change identified by the court and re-submit the edited protective order, following the procedure outlined on the court's website for proposed orders.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    This case involves excessive force and false arrest claims against two Chicago police officers and the City of Chicago, brought under 42 U.S.C. § 1983. Defendants have asked the court to enter a protective order, and plaintiff Joseph Calhoun has raised two specific objections. First, Calhoun asks the court to strike a provision of the proposed order ("Review Provision") that requires Calhoun to submit certain police complaint files (known as "Complaint Registers" or "CRs") to defendants for review thirty days in advance of any public release. If a dispute arises over the public release, the provision creates a mechanism for judicial review. Second, Calhoun objects to the order's provision ("CR Provision") which defines as "Confidential Matter" any CRs for which no discipline was imposed.

    Unless prohibited by a protective order, a party can disseminate materials obtained in discovery. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994); *but cf. Bond v. Utreras*, 585 F.3d 1061, 1074-76 (7th Cir. 2009) (there is no implied right of public access to unfiled discovery). Federal Rule of Civil Procedure 26(c) allows a court, after finding "good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" To determine whether a party has shown good cause, the district court must balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order. *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997). Factors that determine whether good cause exists include "privacy interests, whether the information is important to public health and safety and whether the party benefitting from the confidentiality of the protective order is a public official." *Id.* Good cause depends on those and other factors according to the facts and circumstances in each specific case. *Id.*

    Calhoun contends that the Review Provision creates an unwieldy process for obtaining the release of CRs which resulted in the imposition of discipline. He argues that these CRs are not defined as confidential in the protective order, so no protection is required. Defendants respond that, for the defendant officers in

# STATEMENT

this case, no such CRs even exist, so this provision is unlikely to become an issue. The court also notes that, although the CRs themselves may not be confidential under the protective order, the proposed order does define as confidential any "private information" in the files. The provision seems reasonable to the court, although 30 days seems like more time than is required for defendants to review the records. The court will overrule Calhoun's objection to this provision, but defendants should modify the order to provide 7 days for reviewing any proposed public release of CRs.

Next, Calhoun argues that the CR Provision would prevent public access to files which should be public records. Defendants respond that there is no public interest in the release of complaints that have been unsubstantiated. Courts in this district have repeatedly grappled with this issue, reaching different conclusions. *Compare Brown v. City of Chicago*, No. 09 C 6506, 2011 WL 222840 (N.D. Ill. Jan. 24, 2011) (adopting CR Provision), *Clark v. City of Chicago*, No. 10 C 1803 (N.D. Ill. Oct. 13, 2010) (unpublished order) (same), *Livingston v. McDevitt*, No. 09 C 7725 (N.D. Ill. May 10, 2010) (unpublished order) (same), *Alva v. City of Chicago*, No. 08 C 6261 (N.D. Ill. Apr. 16, 2010) (unpublished order) (same), *with Rangel v. City of Chicago*, No. 10 C 2750, 2010 WL 3699991 (N.D. Ill. Sept. 13, 2010) (rejecting blanket protection for unsustained CRs), *Parra v. City of Chicago*, No. 09 C 4067 (N.D. Ill. Apr. 14, 2010) (unpublished order) (same); *Macias v. City of Chicago*, No. 09 C 1240 (N.D. Ill. Mar. 10, 2010) (unpublished order) (same).

In asserting a privacy interest in the unsustained CRs, defendants primarily rely on the Illinois Freedom of Information Act ("IFOIA"). IFOIA establishes as the general public policy of Illinois "that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees . . . ." 5 Ill. Comp. Stat. 140/1. Upon a citizen's request, IFOIA requires public bodies to disclose the requested documents, but there are exceptions. IFOIA exempts:

> Personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. "Unwarranted invasion of personal privacy" means the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy.

5 Ill. Comp. Stat. 140/7(1)(c). Section 7(1)(c) creates a general rule that information bearing on the public duties of public employees must be disclosed. Section 7(1)(n), however, is a specific rule exempting "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases; however, this exemption shall not extend to the final outcome of cases in which discipline is imposed." 5 Ill. Comp. Stat. 140/7(1)(n). Defendants contend that CRs are "records relating to a public body's adjudication of . . . disciplinary cases." Calhoun disagrees.

Courts in this district have differed on this question. Some courts have concluded that the plain language of the IFOIA exemption includes CRs. As Judge Der-Yeghiayan explained in *Clark*, "CR files contain the investigator's report and disciplinary recommendations." *Clark*, No. 10 C 1803, Doc. 49 at 2. And, according to the City of Chicago, "CR files contain the documentary evidence that is at the center of all investigatory adjudications of officers." *Id*. Other courts have disagreed that CRs necessarily relate to an "adjudication." For example, Judge Valdez in *Macias* held that CRs are merely investigatory materials which may or may not ever lead to an adjudication of a disciplinary case. *Macias*, 09 C 1240, Doc. 84 at 2 (N.D. Ill. May 5, 2010).

## STATEMENT

In any event, this court need not resolve this difficult question of Illinois law. As Judge Lefkow observed in *Rangel*, IFOIA does not control this court's determination of whether "good cause" has been shown to protect the CRs. *Rangel*, 2010 WL 3699991, at *2. The court believes there is good cause in this case. Defendants arguably have a privacy interest in these records under Illinois law, and there is some potential for harassment or embarrassment since the unsustained CRs have not been corroborated. Furthermore, Calhoun has not identified any reason, other than a general public interest in access to the records, for releasing the CRs. The discovery process is not designed to provide public access to the inner workings of the Chicago Police Department. *See Bond*, 585 F.3d at 1075.

The court will adopt the CR Provision. If a need should arise to share the CRs with specific individuals for the purpose of this litigation, the court would certainly consider making exceptions to the protective order. And the court would obviously have to reassess the balance of interests should defendants seek to protect the CRs during a trial, when the proceedings would be presumptively public.

Accordingly, the defendants' motion is granted in part. Defendants should make the one change identified by the court and re-submit the edited protective order, following the procedure outlined on the court's website for proposed orders.